In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
John R. LOEW, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant,

v.

John R. LOEW,
Respondent.

Supreme Court

*No. 2008AP1416–D.—Decided March 30, 2010.*

2010 WI 23

(Also reported in 780 N.W.2d 523.)

¶ 1. PER CURIAM. We review a referee's report and recommendation concluding that Attorney John R. Loew engaged in professional misconduct and recommending that his license to practice law in Wisconsin be suspended for a period of 60 days. The referee also recommended that Attorney Loew pay the costs of the proceeding and that various conditions be imposed upon his resumption of the practice of law following his suspension.

¶ 2. We conclude the referee's findings of fact are supported by clear, satisfactory, and convincing evidence. We also concur with the referee's conclusions of law. We further determine that the seriousness of Attorney Loew's misconduct warrants the suspension of his license to practice law for 60 days. We also agree with the referee's recommendation that conditions should be imposed upon Attorney Loew's resumption of the practice of law following his suspension, and we

conclude that the full costs of the proceeding, which are $9,206.67 as of December 3, 2009, should be assessed against him.

¶ 3. Attorney Loew was admitted to the practice of law in Wisconsin in 1994 and last practiced in Brookfield. On October 11, 2007, this court suspended Attorney Loew's license to practice law for failure to cooperate regarding an Office of Lawyer Regulation (OLR) investigation. On October 31, 2007, the State Bar of Wisconsin suspended Attorney Loew's license to practice law for nonpayment of State Bar dues. Attorney Loew's license remains suspended.

¶ 4. On June 6, 2008, the OLR filed a complaint alleging seven counts of misconduct arising out of Attorney Loew's handling of two probate matters. The first probate matter involved Attorney Loew's representation of J.K., who hired Attorney Loew in late 2005 to assist her with the probate of her husband's estate. J.K. and her adult son provided Attorney Loew with various original documents, including auto titles, property deeds, and tax documents. Attorney Loew testified that the last time he had a meeting with J.K. and the last time he performed legal services for her was in mid-May 2006. J.K. made no payments to Attorney Loew for legal services.

¶ 5. Between late 2006 and early 2007 J.K. became dissatisfied with the representation provided by Attorney Loew. In early 2007 J.K. and her son made repeated telephone calls to Attorney Loew requesting that Attorney Loew return their original documents. Attorney Loew failed to respond.

¶ 6. On August 1, 2007, J.K.'s son filed a grievance with the OLR. J.K. was later added as a grievant in the matter. On August 7, 2007, the OLR sent Attorney Loew a letter regarding the basis for the grievance and re-

quested that Attorney Loew respond to the OLR. Attorney Loew failed to respond. On August 22, 2007, the OLR sent Attorney Loew another letter regarding its investigation. Attorney Loew failed to respond. On September 5, 2007, the OLR filed with this court a notice of motion and motion requesting an order to show cause why Attorney Loew's license should not be suspended for his willful failure to respond or cooperate in an OLR investigation concerning his conduct. The OLR sent Attorney Loew another letter on September 20, 2007. Attorney Loew failed to respond. As noted above, on October 11, 2007, this court granted the OLR's motion and ordered that Attorney Loew's license to practice law in Wisconsin be temporarily suspended until further order of the court.

¶ 7. The OLR's complaint alleged four counts of misconduct with respect to Attorney Loew's representation of J.K.:

> *Count 1.* By failing to perform work on the estate matters on behalf of J.K., Attorney Loew violated SCR 20:1.3.[1]

> *Count 2.* By failing to respond to J.K.'s telephone calls, Attorney Loew violated former SCR 20:1.4(a)[2] and current SCR 20:1.4(a).[3]

> *Count 3.* By failing to respond to requests from J.K. and her son for the return of their original documents,

---

[1] SCR 20:1.3 states, "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[2] Former SCR 20:1.4(a) (effective through June 30, 2007) provided that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[3] SCR 20:1.4(a) (effective July 1, 2007) provides:

> A lawyer shall:

Attorney Loew violated former SCR 20:1.16(d)[4] and current SCR 20:1.16(d).[5]

*Count 4.* By failing to comply with SCR 22.03(2)[6]

(1) Promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in SCR 20:1.0(f), is required by these rules;

(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;

(3) keep the client reasonably informed about the status of the matter;

(4) promptly comply with reasonable requests by the client for information; and

(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

[4] Former SCR 20:1.16(d) (effective through June 30, 2007) provided:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[5] SCR 20:1.16(d) (effective July 1, 2007) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[6] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the

and by failing to comply with SCR 22.03(6),[7] Attorney Loew violated SCR 20:8.4(h).[8]

¶ 8. The second probate matter detailed in the OLR's complaint involved Attorney Loew's representation of R.F., who retained Attorney Loew to probate her husband's estate. R.F. and F.B. were named co-trustees of R.F.'s husband's trust. R.F. and F.B. retained Attorney Loew on August 2, 2006, to complete estate work and deal with tax matters. On August 6, 2006, R.F. mailed Attorney Loew tax returns, bank statements, and other relevant documents. Attorney Loew performed some services. On December 14, 2006, Attorney Loew sent R.F. an invoice for $4,130, which R.F. paid in February 2007.

¶ 9. In March 2007 R.F. received a letter from the Internal Revenue Service inquiring about her husband's employer identification number. R.F. faxed

opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[7] SCR 22.03(6) provides:

In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[8] SCR 20:8.4(h) states it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . ."

675

Attorney Loew the letter and asked Attorney Loew for professional assistance. R.F. subsequently left multiple voicemail messages for Attorney Loew with no response. Attorney Loew's receptionist told R.F. that numerous clients were having trouble communicating with Attorney Loew.

¶ 10. In early April 2007 R.F. terminated Attorney Loew's representation and hired Attorney Denasha Scott of the law firm of Cook & Franke. Attorney Scott sent Attorney Loew various letters, e-mails, and certified letters in an attempt to retrieve R.F.'s file. Attorney Scott did receive the file from Attorney Loew at some point in May 2007.

¶ 11. In mid-May 2007 R.F. and F.B. filed a grievance with the OLR. Attorney Loew failed to respond to multiple letters from the OLR seeking a response to the grievance. Attorney Loew's failure to respond to the OLR's requests for information about the grievance formed the basis for this court's October 11, 2007, order temporarily suspending Attorney Loew's license to practice law in Wisconsin.

¶ 12. The OLR's complaint alleged three counts of misconduct with respect to Attorney Loew's representation of R.F. and F.B.:

> *Count 5.* By failing to respond to R.F.'s and F.B.'s telephone calls and letters, Attorney Loew violated former SCR 20:1.4(a) (effective through June 30, 2007).

> *Count 6.* By failing to respond to R.F.'s, F.B.'s, and Denasha Scott's requests for an accounting, a refund of unearned fees, and the return of R.F.'s files, Attorney Loew violated former SCR 20:1.16(d) (effective through June 30, 2007).

> *Count 7.* By failing to comply with SCR 22.03(2), and by failing to comply with SCR 22.03(6), Attorney Loew violated SCR 20:8.4(h).

¶ 13. Christine Harris Taylor was appointed referee in the matter. Attorney Loew did not file an answer to the OLR's complaint, nor did he participate in a telephone scheduling conference. The OLR filed a notice of motion and motion for default judgment. Attorney Loew failed to respond. On December 1, 2008, the referee granted the OLR's motion for default judgment, finding that the OLR had met its burden of proof with respect to the seven counts of misconduct alleged in the complaint. The order stated that a hearing would be scheduled for purposes of determining the appropriate sanction.

¶ 14. In April 2009 Attorney Loew retained counsel to represent him in the matter. A hearing was held over the course of two days in April and August 2009. Attorney Loew testified that after practicing as an associate with a large law firm for a number of years, he opened his own law practice in 2003. His office was part of a suite of offices in a wealth management company. This office sharing arrangement provided a stream of clients for Attorney Loew. After several years Attorney Loew's practice mushroomed to the point where he had a client base of approximately 300. Although Attorney Loew was offered assistance with office staff, he said he was too overwhelmed to take the time to train these individuals. Due to his inability to turn down new clients, Attorney Loew began working virtually around the clock, leading to a deterioration of his physical and mental health.

¶ 15. Attorney Loew's office sharing arrangement with the wealth management company ended in the spring of 2007. Attorney Loew took his files with him and began to practice law from his home. By this time Attorney Loew said he was experiencing the onset of severe depression. Attorney Loew admitted that he

failed to properly attend to the two probate matters that formed the basis for the OLR's complaint. Attorney Loew testified at the hearing that although he received the various letters from the OLR, he did not open them because he could not handle it and he imagined that he was being sued.

¶ 16. Attorney Loew sought help from his primary physician in August 2007 and was diagnosed with anxiety and depression. He was given anti-depressant medication along with a recommendation for therapy. Attorney Loew consulted a psychiatrist in December 2007 and attended some therapy sessions beginning in early 2008.

¶ 17. In August 2009 Dr. Gregory J. Van Rybroek, a licensed psychologist, conducted an independent psychological evaluation of Attorney Loew. Dr. Van Rybroek concluded, to a reasonable degree of professional certainty, that during the time Attorney Loew was retained by J.K., R.F., and F.B., Attorney Loew was in the throes of a major depressive episode primarily brought on by a workload he ultimately became unable to manage. Dr. Van Rybroek said it appeared the volume of Attorney Loew's workload, exacerbated by the death of a close friend, created overwhelming stress that led to serious depression.

¶ 18. Dr. Van Rybroek opined that the situational stress led to the point where Attorney Loew became largely dysfunctional. Dr. Van Rybroek was of the opinion that Attorney Loew's depression symptoms were situational rather than driven by a genetic predisposition toward depression or anxiety.

¶ 19. Dr. Van Rybroek also gave the opinion, to a reasonable degree of professional certainty, that Attorney Loew's current level of functioning was much improved. Dr. Van Rybroek was of the opinion that Attorney Loew could return to the practice of law, subject to

certain conditions, including entering into a therapy relationship to assist with better self-understanding, specifically in learning more about the internal triggers that make it difficult for him to limit his workload; remain under the care of a psychiatrist for purposes of monitoring his medication; and he should not work in the solo practice of law but rather should work in a structured legal environment where his work can be monitored.

¶ 20. The referee issued her report and recommendation on November 16, 2009. The referee concluded that a 60–day suspension of Attorney Loew's license was the appropriate sanction for his misconduct. She also recommended that as a condition of the reinstatement of his license, Attorney Loew be required to pay restitution to R.F. in the amount of $923. She also recommended that this court adopt the restrictions on Attorney Loew's resumption of the practice of law proposed by Dr. Van Rybroek.

¶ 21. While the referee said the fact that Attorney Loew was suffering from depression in late 2006 and early 2007 was well documented in the record, his testimony at the hearing made it clear that his difficulty in running a solo law practice began well before the onset of his depression. The referee said at most Attorney Loew's depression was a contributing factor to the events outlined in the OLR's complaint, not a causal factor. The OLR had sought a six-month suspension of Attorney Loew's license. Attorney Loew requested either a public reprimand or a 60–day suspension. In the event a suspension was recommended, Attorney Loew further requested the suspension apply retroactively to the date of his temporary suspension in October 2007. The referee rejected Attorney Loew's request for a retroactive suspension.

¶ 22. No appeal has been filed from the referee's report and recommendation. This court will adopt a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. *See In re Disciplinary Proceedings Against Eisenberg,* 2004 WI 14, ¶ 5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit regardless of the referee's recommendation. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 23. The referee's findings of fact have not been shown to be clearly erroneous, and we adopt them. We also agree with the referee's conclusions of law. We further agree with the referee's recommendation for a 60–day prospective suspension of Attorney Loew's license to practice law in Wisconsin, and we agree with the referee's recommendation that the conditions suggested by Dr. Van Rybroek be imposed upon Attorney Loew's resumption of the practice of law following his suspension. Finally, we find it appropriate to require Attorney Loew to pay the full costs of this proceeding.

¶ 24. IT IS ORDERED that the license of John R. Loew to practice law in Wisconsin is suspended for a period of 60 days, effective the date of this order.

¶ 25. IT IS FURTHER ORDERED that within 60 days of the date of this order, John R. Loew make restitution to R.F. in the amount of $923.

¶ 26. IT IS FURTHER ORDERED that within 180 days of the date of this order, John R. Loew pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his

inability to pay the costs within that time, the license of John R. Loew to practice law in Wisconsin shall be suspended until further order of the court.

¶ 27. IT IS FURTHER ORDERED that for a period of five years following his resumption of the practice of law, the following conditions shall be imposed upon John R. Loew's practice of law:

A. John R. Loew shall enter into a therapy relationship to assist with better self-understanding, specifically in learning more about the internal triggers that make it difficult for him to limit his workload.

B. John R. Loew shall remain under the care of a psychiatrist, particularly for monitoring of his medication needs.

C. John R. Loew shall engage in the practice of law under the direct supervision of a licensed attorney acceptable to and approved by the Office of Lawyer Regulation. Attorney Loew's supervising attorney shall have all the duties generally held by a supervising attorney under SCR 20:5.1(b).

D. John R. Loew shall be required to submit to the OLR, on a semi-annual basis, a report from his treating psychiatrist outlining his ongoing treatment. The reports should disclose any recurrences of the depression, and if any, whether such recurrences pose an unreasonable risk to the public if John R. Loew is permitted to continue the practice of law.

E. John R. Loew shall be required to submit to the OLR, on a semi-annual basis, a report from his supervising attorney.