IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
John R. LOEW, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

John R. LOEW, Respondent.

Supreme Court

*No. 2011AP777–D.—Decided April 27, 2012.*

2012 WI 40

(Also reported in 811 N.W.2d 409.)

¶ 1. PER CURIAM. We review Referee Christine Harris Taylor's recommendation that this court publicly reprimand Attorney John R. Loew for two counts of professional misconduct.

¶ 2.   Because no appeal has been filed, we review the referee's report pursuant to SCR 22.17(2).[1] After conducting our independent review of the matter, we accept and adopt the referee's findings of fact, which were based on the allegations of the complaint filed by the Office of Lawyer Regulation (OLR), due to Attorney Loew's default. We agree the OLR is entitled to a default judgment, and we determine that Attorney Loew's misconduct warrants a public reprimand. We impose the full costs of this proceeding on Attorney Loew. The costs totaled $549.23 as of November 9, 2011.

¶ 3.   Attorney Loew was admitted to practice law in Wisconsin in 1994. His Wisconsin law license is currently suspended for nonpayment of State Bar dues and for noncompliance with continuing legal education (CLE) requirements. In 2010 Attorney Loew was suspended for 60 days for seven counts of misconduct arising out of his handling of two probate matters. *In re Disciplinary Proceedings Against Loew*, 2010 WI 23, 323 Wis. 2d 670, 780 N.W.2d 523. That matter was also handled by Referee Taylor.

¶ 4.   On April 8, 2011, the OLR filed the current complaint against Attorney Loew. It alleges two counts of professional misconduct, both involving Attorney Loew's representation of R.H.

¶ 5.   The complaint alleges that in October 2007, R.H. retained Attorney Loew to prepare her estate plan, which included removing her deceased husband's name

---

[1] SCR 22.17(2) states:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

from a deed and titling a condominium solely in her name. Attorney Loew and R.H. did not execute a written fee agreement. Attorney Loew told R.H. that when he was done he would send her a bill. Attorney Loew met with R.H. on one occasion in October 2007. This was the only time Attorney Loew met in person with R.H.

¶ 6. On October 11, 2007, this court suspended Attorney Loew's license to practice law for misconduct unrelated to the R.H. matter. On that same date, the court mailed Attorney Loew's notice of suspension to his home and office addresses. Attorney Loew did not advise R.H. of his suspension.

¶ 7. On October 12, 2007, Attorney Loew mailed R.H. drafts of her estate planning documents and requested that she comment on these drafts. On October 15, 2007, Attorney Loew sent R.H. a bill for legal services in the amount of $650. In November 2007 R.H. paid this bill in full.

¶ 8. Between November 2007 and the spring of 2008, R.H. called Attorney Loew multiple times to advise him of some changes that she wanted him to make to the documents. Attorney Loew did not respond.

¶ 9. In the summer of 2008, R.H. retained successor counsel. On June 18, 2008, R.H.'s new lawyer sent Attorney Loew a letter requesting that Attorney Loew refund R.H. the fees she paid him for legal services. On September 12, 2008, Attorney Loew e-mailed the lawyer to indicate he would refund R.H. $650, less $30 for travel, in exchange for R.H. returning all of the documents that Attorney Loew had previously prepared for her. On November 25, 2008, Attorney Loew sent a $620 refund check to R.H.

¶ 10. The OLR'S complaint alleged that by failing to respond to R.H.'s telephone calls regarding information relating to his representation of her, Attorney

270

Loew violated SCR 20:1.4(a)(4).[2] The second count of the complaint alleged that by failing to properly inform R.H. of his license suspension, his consequent inability to act as an attorney, and that R.H. should seek legal advice elsewhere, Attorney Loew violated SCR 22.26(1)(a) and (b),[3] enforceable via SCR 20:8.4(f).[4] The OLR sought a public reprimand and the imposition of costs.

¶ 11.    Attorney Loew failed to file an answer to the complaint and, on July 28, 2011, some 90 days after the answer was due, the OLR filed a motion for a default judgment to which Attorney Loew did not respond. The referee conducted a telephonic scheduling conference. Attorney Loew did not appear despite having received notice of the conference from the referee.

¶ 12.    On October 24, 2011, the referee issued a brief order entitled "Order for Default." In this order she stated she granted the motion for default judgment

[2] SCR 20:1.4(a)(4) provides that a lawyer shall "promptly comply with reasonable requests by the client for information; . . . ."

[3] SCR 22.26(1)(a) and (b) provide as follows:

On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

[4] SCR 20:8.4(f) states it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers; . . . ."

against Attorney Loew and imposed a public reprimand and costs.[5] No appeal was filed.

¶ 13.   In light of Attorney Loew's failure to appear or participate in this case we accept the referee's recommendation and agree that Attorney Loew has defaulted. In view of his default we accept the allegations set forth in the complaint as true and conclude that the OLR has met its burden of proof with respect to the allegations in the complaint.

¶ 14.   The referee's findings of fact have not been shown to be clearly erroneous, and we adopt them. We also agree with the referee's conclusions of law and we agree with the referee's recommendation for a public reprimand of Attorney Lowe's license to practice law. Finally, we agree with the referee's recommendation that Attorney Loew be required to pay the costs of this proceeding.

¶ 15.   IT IS ORDERED that John R. Loew is publicly reprimanded for his professional misconduct.

¶ 16.   IT IS FURTHER ORDERED that within 60 days of the date of this order, John R. Loew shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and John R. Loew has not entered into a payment plan approved by the Office of Lawyer Regulation, then the Office of Lawyer Regulation is authorized to move this court for a suspension of the license of John R. Loew to practice law in Wisconsin.

─────────────────

[5] We note that this court imposes discipline; referees are to recommend discipline to the court.